Tedd F. RICHARDSON, d/b/a Stockman's Cattle Company, Appellant,

v.

Clarence A. NEPPL and Madonna M. Neppl, Harold Stender, Burdell Jensen, Manning Trust & Savings Bank of Manning, Iowa, and Farmers State Bank of Schleswig, Iowa, Appellees,

v.

Harold STENDER and Burdell Jensen, Cross-Petitioners-Appellees,

v.

DUNLAP LIVESTOCK AUCTION, INC., Defendant to Cross-Petitioner-Appellee-Cross-Appellant.

No. 54000.

Supreme Court of Iowa.

Dec. 15, 1970.

Raun, Franck & Mundt, Denison, for appellant.

Reimer & Vipond, Denison, for Harold Stender, Burdell Jensen, Farmers State Bank of Schleswig, and Dunlap Livestock Auction, Inc., appellees and cross-appellants.

Claus Bunz, Manning, for appellee Manning Trust & Savings Bank of Manning.

REES, Justice.

Action in equity to foreclose a chattel mortgage covering cattle. Defendants Neppl were purchasers and mortgagors; plaintiff, the mortgagee. Defendants Stender and Jensen had each purchased certain of the cattle, and Manning Trust & Savings Bank was mortgagee of cattle bought by Stender. Defendant Farmers State Bank of Schleswig is not a party to the appeal. Defendants Jensen and Stender cross-petitioned against Dunlap Livestock Auction, Inc., which had sold the cattle consigned to it by Neppl, alleging Dunlap was liable to them under an implied warranty of title, if Stender and Jensen were held liable to plaintiff, and by answer Dunlap admitted it would be liable to Stender and Jensen for any loss to them as result of plaintiff's action. Neppls defaulted and judgment was rendered against them.

Trial court found plaintiff had consented to the sale of the cattle by the mortgagor Neppl and had thereby waived his lien and was entitled to foreclose only as to the

mortgagors, and rendered judgment only as to Dunlap Auction, who thereupon filed its motion for new trial. The Auction's motion for new trial was later sustained. Plaintiff has appealed from the granting of new trial, and defendant Auction has cross-appealed. Defendants Stender and Jensen have moved to dismiss the appeal on grounds the appeal as to them was not timely perfected. We sustain the motions of defendants Stender and Jensen to dismiss the appeal as to them and affirm the trial court in its grant of a new trial.

Because of the multiplicity of issues to be considered on appeal, we deem it advisable to give a detailed recital of the post-trial motions, findings, decrees and orders. Following the trial, plaintiff moved to reopen the case, or in the alternative, for permission to amend the pleadings to conform to proof. The motion to amend alleged that defendant Auction had knowledge of plaintiff's lien on the cattle, and that Dunlap's action in taking the cattle constituted a conversion of the same. In his motion to amend, the plaintiff demanded judgment against defendant Auction for wrongful appropriation and conversion of the mortgaged cattle. The motion of the plaintiff was resisted by the Auction, in which the Auction claimed plaintiff had never asserted a cause of action against it, and that it had received no notice of a cause of action for conversion. Defendant Auction also argues that it had tried the case as an equitable action for foreclosure of a chattel mortgage and had had no opportunity to advance any defense to an action for conversion.

On December 3, 1968, the court made extensive findings of fact and stated its conclusions of law, in which it found plaintiff had consented to the sale of the mortgaged cattle by the purchasers Neppl, and also found plaintiff should be entitled to recover from the Auction company because it was not an innocent purchaser from Neppl, and had accepted the business risk of dealing in mortgaged cattle. The court indicated its decision to hold for plaintiff

against the Auction company was motivated in part by the fact the Auction company had admitted its liability on the cross-petition had the plaintiff recovered against the defendants Stender and Jensen.

The court found plaintiff had a right in the cattle under its mortgage superior and prior to the Auction, and that the defendants Stender and Jensen and their respective banks and their interests in the cattle were prior and superior to the interests of the plaintiff. As we have observed above, the defendants Neppl had suffered default judgment to be entered against them, and did not participate in the trial of the action.

After the findings of fact and conclusions of law were announced, the court delayed the effective date of its rulings for ten days to permit the filing of motions for additional findings of fact or conclusions of law, and on December 12, 1968, defendant Auction company so moved, alleging among other things that no cause of action had been asserted or pleaded as against it by the plaintiff in an action for conversion.

The decree of the court was entered on December 26, 1968, in which the court recognized plaintiff's default judgment against Neppls, and decreed that plaintiff should be entitled to recover against Dunlap Livestock Auction, Inc., and further embraced in its decree by reference the same finding with respect to the priorities in favor of the defendants Stender and Jensen as had been incorporated in the findings of fact and conclusions of law theretofore filed.

Defendant Dunlap, on December 31, 1968, filed its motion for judgment notwithstanding the findings of fact requesting the court to enlarge upon, amend and extend its findings of fact, and to vacate the decree, and for a new trial. All of the motions of the defendant Dunlap were based on essentially the same grounds, asserting plaintiff's petition did not allege a cause of action for conversion nor any

other cause of action against the Auction company. We note the grounds in defendants' motion to vacate the decree and for a new trial attacked *only* those provisions of the decree of December 26, 1968, which provides for judgment in favor of the plaintiff and against the Auction company.

On March 20, 1969, the trial court ruled on the various post-trial motions, overruling the Auction's motions to amend findings of fact and conclusions of law, and for judgment notwithstanding the verdict. The court then considered the entire issue of plaintiff's application to amend the pleadings to state a cause of action against the Auction company for conversion, and the defendant Auction's motion to vacate and for a new trial. The court, in its ruling, held the pleadings did not support a judgment for plaintiff against defendant Auction company as previously entered, and granted a new trial as between plaintiff and Dunlap Livestock Auction, Inc. All paragraphs of the motion to vacate and for a new trial were sustained. Plaintiff's motion to amend the pleadings to state a cause of action against defendant Auction for conversion was likewise sustained. Plaintiff filed a notice of appeal on April 7, 1969, which notice indicated that appeal was taken from the ruling entered in the case on March 20, 1969, sustaining the motion for a new trial and *from each and every ruling adverse to the plaintiff during the progress of the case.* On April 17, 1969, defendant Dunlap cross-appealed from the adverse rulings entered against it on March 20, 1969, specifying the court's failure to sustain motions filed December 31, 1968, for judgment notwithstanding the court's findings, to enlarge findings of fact and extend conclusions of law, and the ruling sustaining plaintiff's motion for leave to amend the pleadings.

We have before us the motion of defendants Stender and Jensen to dismiss plaintiff's appeal as to them. Said defendants allege the December 26, 1968, decree or

judgment in their favor and against the plaintiff on the foreclosure issue is a final and unchallenged judgment. They point out that a new trial was granted *only* as to all issues between the plaintiff and the Auction company. They also urge plaintiff's notice of appeal does not specify that appeal is taken from the decree of December 26. 1968, and that the notice is therefore insufficient to constitute an appeal from that decree.

In his resistance to the motion to dismiss the appeal, plaintiff argues that although Stender and Jensen are not parties to the motions of Dunlap Livestock Auction, Inc., they are substantially affected by those motions and the rulings thereon. Plaintiff further argues the notice is sufficient to sustain an appeal from the December 26, 1968, decree because of the fact the court in its March 20, 1969, ruling on the motion for new trial made reference to the claim of the plaintiff that he should be permitted to attempt to reverse the ruling made insofar as it did not allow recovery against the purchasers of the cattle, making a new trial between plaintiff and the Auction company moot. We take note of the following language in the March 20, 1969, ruling by the trial court, "The court believes the motion for new trial should be granted, but it should be provided that the trial not take place until appeals have been exhausted upon the ruling heretofore filed."

I. In his brief and argument and reply brief, plaintiff asserts the trial court erred in finding that under the facts of the case plaintiff had effectively waived his security rights under the chattel mortgage relating to the cattle purchased by defendants Stender and Jensen. Plaintiff also argues in his reply brief that his main brief is in substantial compliance with the requirements of rule 344, Rules of Civil Procedure.

Defendants Stender and Jensen assert the mortgage waiver issue and contend the court's decision should be affirmed. In the same brief, defendant Auction company

asserts the entry of judgment in favor of plaintiff and against the Auction company was contrary to law, and therefore the trial court's ruling of March 20, 1968, granting a new trial should be affirmed.

II. The principal, and as we view the case, the dispositive issue in the appeal is whether the motion to dismiss the appeal of defendants Stender and Jensen should be sustained. The motion raises the issue as to whether the notice of appeal filed by plaintiff is sufficient in specifying the judgment appealed from, and therefore whether this court has jurisdiction of such defendants.

The notice of appeal must always sufficiently describe or specify the judgment or order appealed from, so as to leave no doubt as to its identity. Rosmann v. Lawler, 257 Iowa 1292, 1295, 136 N.W.2d 513, 515; Schrader v. Sioux City, Iowa, 167 N.W.2d 669, 672–673. The notice of appeal filed by plaintiff specifies only one ruling of the trial court, " * * * wherein the district court of Iowa in and for Crawford County sustained the motion to vacate the decree and for a new trial * * *." The ruling sustained the motion for new trial filed by defendant Dunlap Livestock Auction, Inc., attacked only that part of the December 26, 1968, decree, in which the court held plaintiff could recover against the Auction company. The motion for new trial made by Dunlap Auction was the only motion filed by any of the parties involved whch attacked the decree of the trial court. Plaintiff made no post-trial motion attacking the judgment against it and in favor of the defendants Stender and Jensen.

Defendants Stender and Jensen argue the part of the decree granting priority or superiority to their interest in the cattle as opposed to plaintiff's interest is a final judgment, and because it is not appealed from the appeal as to them should be dismissed.

Foley v. Engstrom, 247 Iowa 774, 74 N.W.2d 673, was an action in equity by the children of a deceased for correction of mistakes in the final report of the fiduciary. Plaintiffs were children of decedent by a prior marriage, and the widow of the decedent was the administratrix. Prior to decedent's death, he and his wife bought on contract an apartment house which was sold subsequent to his death. The court on appeal found some errors in the final report of the fiduciary and modified the lower court's ruling. The purchaser of the property sold after decedent's death was made a defendant, plaintiffs claiming their share of the sale proceeds, but made no complaint or objection to the sale nor to the purchase price. The trial court sustained a motion to dismiss on the part of the purchaser of the property. This court affirmed the trial court's ruling on the motion to dismiss, stating the dismissal at trial level was final as to the purchaser and she was not a party to the action any longer. No appeal was taken as to the trial court's ruling to dismiss the action as to the purchaser, and therefore the court held the petition to dismiss the cross-appeal should be sustained.

Other cases involving multiple defendants or multiple judgments, while not factually congruent, are helpful by analogy. In re Atkinson, 210 Iowa 1245, 232 N.W. 640, involved objections to a report filed by a fiduciary. Certain objections were sustained, others were partially sustained, and still others overruled, and judgment was entered on December 26, 1929, from which appeal was taken. It appears in Atkinson two different trial judges ruled on various objections; the decree or judgment of one of the judges was entered on November 16, 1929, but the appeal was only from the judgment entered by the second trial judge dated December 26, 1929. This court held the judgments were separate and distinct and that in order to appeal the November 16, 1929, decree an appropriate notice of appeal was essential. In Atkinson, supra, 210 Iowa at 1248, 232 N.W. at 642, this court said, "No such notice was served, for, as before stated, the notice of appeal referred to and included only the judgment entered by Judge Applegate. Consequently, the judgment rendered by Judge Cooper is

not before us, and the matters therein decided will not be reviewed at this time."

In White v. Wilkes (Iowa), 173 N.W.2d 98, 99, this court held plaintiff who failed to appeal from an order sustaining defendant's first special appearance waived appellate review of such order depriving plaintiff of any right to be heard on a then present appeal. In White the trial court sustained defendant's limited appearance and no appeal was taken from such ruling. Five weeks later plaintiff filed an amended and substituted petition in the original case which defendant resisted on the ground plaintiff had filed no pleadings within seven days of trial court's order on the first special appearance which became a final judgment under rule 86, R.C.P. The trial court sustained defendant's second special appearance and plaintiff appealed asserting error in sustaining both special appearances, and this court affirmed.

In Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474, final judgment was defined as "one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original condition or, as frequently said, put the case out of court."

Foley v. Engstrom, supra, and the other cases cited above, support the proposition that issues determined in a judgment or decree as to which no notice of appeal is properly served or no appropriate post-judgment motion is filed, are final and not reviewable by this court even when they are referred to as part of an appeal filed by one of the parties relating to a separate and distinct provision of a decree when the decree involves several defendants or various issues.

When we examine the facts in the case before us, we observe defendant Dunlap Livestock Auction, Inc., has admitted in the pleadings it will be liable to and will indemnify the defendants Stender and Jensen for any loss occasioned by the action brought against them by plaintiff. We further note that although the court ruled adversely to the plaintiff and in favor of Stender and Jensen in the December 26, 1968 decree, plaintiff did not attack that ruling with any motion, nor did he appeal from such ruling. On December 31, 1968, the defendant Auction filed its several motions attacking part of the decree and at that time plaintiff could also have filed motions as to the findings adverse to him but failed to do so.

■ Plaintiff, in his resistance to the motion to dismiss the appeal, argues that inasmuch as the trial court in its order sustaining the motion for new trial dated March 20, 1969, provided trial would be stayed pending appeal as to the main body of the case, that such ruling is tantamount to a notice of appeal from the December 26, 1968 decree. With this position, we cannot agree. Although this court has on occasion [see Culligan Soft Water Service v. Berglund, 259 Iowa 660, 145 N.W.2d 604] been very liberal in allowing appeals where little or no compliance with the rules has been made, we follow the admonition in the Culligan case, supra, 259 Iowa at 663, 145 N.W.2d at 606, that such leniency is not to be construed as precedent for condonation of further rule violations. A statement or finding of the trial court is not an acceptable substitute for a mandatory notice of appeal, and we must therefore reject the plaintiff's contention in this regard. Rule 335, R.C.P., requires notice of appeal to be filed within 30 days of final judgment. This requirement is mandatory and jurisdictional. Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc., (Iowa), 158 N.W.2d 1, 3; Neff v. Iowa State Highway Commission, 253 Iowa 98, 102, 111 N.W.2d 293, 296. In the case before us, the decree or final judgment as to all issues between plaintiff and defendants Stender and Jensen was final on the day of its entry, December 26, 1968. No motion directed to such final judgment, or notice of appeal from it, has been presented by the plaintiff. Certainly the 30-day re-

quirement of rule 335, R.C.P., must be literally observed.

■ Finally, the real issue or dispute in this case is between the plaintiff and the defendant Dunlap Livestock Auction, Inc. The Auction has admitted in its pleadings that it is liable to defendants Stender and Jensen for any loss they may suffer should they be held liable to plaintiff. Such a factor, combined with a lack of proper notice of appeal from the December 26, 1968 decree, leads us to the conclusion that the motion to dismiss of defendants Stender and Jensen should be sustained.

■ III. In plaintiff's notice of appeal from the ruling of March 20, 1969, he indicates the appeal is taken from the ruling of the trial court sustaining defendant Auction's motion for a new trial. In his original brief and his reply brief plaintiff urges as a proposition for reversal, only that the trial court erred in finding a waiver of the mortgage by consent to sale. Plaintiff does not appear to argue the proposition that trial court erred in granting defendant Dunlap's motion for a new trial. A proposition neither assigned nor argued presents no question and need not be considered by us on review. Braden v. Board of Supervisors of Pottawattamie County, 261 Iowa 973, 975, 157 N.W.2d 123, 124. Although the scope of review by this court of a case tried and determined by the trial court as an action in equity contemplates a review of the entire case, such review would be confined to those propositions relied on by each party for reversal or affirmance. Davenport Osteopathic Hospital Association v. Hospital Services, Inc., 261 Iowa 247, 253, 154 N.W.2d 153, 157. Errors or propositions not assigned will not be considered on appeal, and this rule applies to propositions in equity cases and to errors in law actions. B–W Acceptance Corporation v. Saluri, 258 Iowa 489, 499, 139 N.W. 2d 399, 405.

Because of plaintiff's failure to assign propositions or to argue the alleged error in sustaining the motion for a new trial, we affirm the trial court's ruling on such motion.

The motion to dismiss of the defendants Stender and Jensen is sustained. The action of the trial court in sustaining the motion of defendant Dunlap Livestock Auction, Inc., for a new trial is affirmed, and we affirm on cross-appeal of defendant to cross-petition.

The cause is remanded for further proceedings in the trial court.

Motion to dismiss appeal of defendants Stender and Jensen is sustained; cause is affirmed and remanded.

All Justices concur.