# IN THE COURT OF APPEALS OF IOWA

No. 18-0478
Filed June 6, 2018

**IN THE INTEREST OF S.E., K.E., and M.E.,**
**Minor Children,**

**V.E., Father,**
     Appellant,

**T.E., Mother,**
     Appellant.
_____


Appeal from the Iowa District Court for Woodbury County, Mary L. Timko, Associate Juvenile Judge.


Mother and Father appeal termination of their parental rights pursuant to Iowa Code chapter 232 (2017). **AFFIRMED ON BOTH APPEALS.**


John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Marchelle M. Denker of Juvenile Law Center, Sioux City, guardian ad litem for minor children.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The juvenile court terminated Vernon and Tanna's respective rights in their children M.E. (born 2008), K.E. (born 2010), and S.E. (born 2013) pursuant to Iowa Code section 232.116(1)(b), (e), and (i) (2017). In this appeal, both parents challenge the sufficiency of the evidence supporting the statutory grounds authorizing the termination of their respective parental rights. In addition, Tanna contends termination of her parental rights was not in the children's best interest.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018) (setting forth the statutory framework). Where, as here, "the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

We choose to address the sufficiency of the evidence under section 232.116(1)(i). This statute authorizes the termination of parental rights upon clear and convincing evidence of the following:

> (1) The child meets the definition of child in need of assistance based on a finding of physical or sexual abuse or neglect as a result of the acts or omissions of one or both parents.
> (2) There is clear and convincing evidence that the abuse or neglect posed a significant risk to the life of the child or constituted imminent danger to the child.
> (3) There is clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time.

Iowa Code § 232.116(1)(i). The parents do not challenge the sufficiency of the evidence supporting the first and second elements, but they do nominally assert challenges to the sufficiency of the evidence supporting the third element.

As an initial matter, we note both Vernon and Tanna have waived any challenge to the sufficiency of the evidence. The entirety of the father's argument is as follows: "[T]here is not clear and convincing evidence that the receipt of services would not correct the conditions that led to abuse or neglect." Similarly, the entirety of the mother's argument is as follows: "Findings of fact or conclusions of law with which you disagree: That there is clear and convincing evidence that the receipt of services would not correct the conditions that led to the abuse or neglect." Neither parent provides any argument in support of the claim. Neither parent cites any authority in support of the claim. The naked assertion of error unclothed by argument or authority is insufficient to generate an issue for appellate review. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring appellant to present arguments and supportive authority in appeal brief and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005) ("In the absence of an argument on these allegations [on appeal], we deem them waived."); *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (confining consideration to issues raised on appeal); *Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review.").

Even if the issue had not been waived, there is clear and convincing evidence additional services would not correct the conditions that led to the abuse

or neglect of the children within a reasonable period of time. The Iowa Department of Human Services (IDHS) has been involved with this family for ten years. The agency has conducted twenty-nine child-abuse investigations regarding this family. The investigations included allegations of drug use, domestic violence, physical abuse of the children, homelessness, nomadicity, sexual abuse of the children, and mental-health concerns. Several of the founded reports involve physical abuse against the children by Vernon and Tanna as well as by Tanna's now fiancé Jeremy, a registered sex offender. Over the years, as the juvenile court found, the "family has been provided with every conceivable service available through" IDHS, including, but not limited to, substance-abuse and mental-health evaluations and treatment; domestic-violence counseling and anger-management classes; Family Safety, Risk, and Permanency services; parenting education; supervised visitation; and home studies. The services have not corrected any conditions giving rise to the abuse of the children.

The inefficacy of the services provided over the years is manifest in this most recent case. The most recent removal of the children occurred after Tanna decided to reside with two registered sex offenders, one of which was Jeremy. The children were living in filth, had access to prescription medications, and then three-year-old S.E. had obtained a knife and tried to sharpen it. In this most recent case, Vernon and Tanna have been non-cooperative with services. Both have moved repeatedly throughout the life of the case, including inexplicable out-of-state moves to Colorado, Wyoming, and Nebraska. Neither parent completed a substance-abuse or mental-health evaluation until November 2017, a little over one month prior to the termination hearing. Tanna's evaluation pointed out she

"blame[s] others for her circumstances," "minimizes events" and has low motivation for engagement in therapeutic services. At the time of the termination hearing, Tanna had outstanding warrants for her arrest and was to be taken into custody following the termination hearing. Vernon testified that he completed evaluations but never submitted any documentation to IDHS or the court. Neither parent demonstrated any urgency in accessing services to work toward reunification with the children.

Given the parents' historical performance and most recent performance, we have "serious concerns about the parents' capacity for change and continuing motivation to change." *See In re K.M.*, 653 N.W.2d 602, 605 (Iowa 2002). These parents have had ten years to meaningfully engage with and respond to services and have chosen not to do so. These children "simply cannot wait for responsible parenting." *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). There is clear and convincing evidence in support of the grounds authorizing the termination of the parent's respective rights.

Tanna argues termination of her parental rights was not in the best interest of the children. As with her prior argument, Tanna has waived the issue by not presenting argument or authority in support of her claim. We nonetheless address the merits. *See In re D.K. Jr.*, No. 12-2162, 2013 WL 1751464, at *4 n.1 (Iowa Ct. App. Apr. 24, 2013) ("Ordinarily, we will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments. . . . Given the incredible stake of innocent children in this action, we hesitate to find the mother failed to preserve error and will address the best interests of the children."). In considering whether to terminate the rights

of a parent, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "We gain insight into the child's prospects by reviewing evidence of the parent's past performance." *D.W.*, 791 N.W.2d at 709. Tanna's behavior shows indifference towards her children. She has continually put them in unsafe situations, subjected them to physical abuse, failed to engage with services, and put her own interests ahead of those of her children. She has moved eight times during the course of this most recent case. She has expressed her desire to marry a sex offender and have him care for her children. Tanna's continued contact with these children only exposes them to an appreciable risk of abuse and neglect. The termination of her parental rights is in the best interest of the children.

For these reasons, we affirm the termination of Vernon and Tanna's parental rights.

**AFFIRMED ON BOTH APPEALS.**