**IN THE COURT OF APPEALS OF IOWA**

No. 19-0213
Filed May 15, 2019

**IN THE INTEREST OF F.H.,**
**Minor Child,**

**R.H., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Romonda D. Belcher,

District Associate Judge.


        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Charles S. Fuson of the Youth Law Center, Des Moines, attorney and

guardian ad litem for minor child.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child pursuant to Iowa Code section 232.116(1)(g), (h), and (*l*) (2018), arguing the State failed to prove the grounds for termination by clear and convincing evidence.[1]  Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

Although the father states the juvenile court erred in terminating his parental rights pursuant to section 232.116(1)(g), (h), and (*l*), he only makes an argument concerning termination under section 232.116(1)(h).  His failure to make any argument concerning the termination of his parental rights under section 232.116(1)(g) and (*l*) waives any challenge to termination under these paragraphs.  *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring appellant's brief to contain argument section presenting contentions and the reasons for them with citations to authority relied on and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review.").  Regardless, we find ample evidence establishes the grounds for termination under section 232.116(1)(g) and (*l*).  Because the juvenile court ordered termination on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm.  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We therefore need not address the father's argument concerning section 232.116(1)(h).

---

[1] The mother's parental rights to the child were also terminated.  She is not a party to this appeal.

We find termination is in the child's best interests and we decline to apply any of the exceptions set forth in section 232.116(3) to avoid termination of his parental rights.[2]  Accordingly, we affirm the termination of the father's parental rights pursuant to section 232.116(1)(g) and (*l*).

**AFFIRMED.**

---

[2] Without citing section 232.116(3)(a), which states that the court need not terminate the parent-child relationship if it finds a relative has legal custody of the child, the father asks "that his parental rights not be terminated" because the child has been placed with a relative, stating that he "consents to the relative placement until the court feels he has solved *all* mental health and substance abuse issues without having his parental rights terminated."