# IN THE COURT OF APPEALS OF IOWA

No. 20-0067
Filed April 29, 2020

**IN THE INTEREST OF Z.H. and A.A.,**
**Minor Children,**

**G.A., Father,**
    Appellant,

**T.H., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A mother and a father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

James R. Underwood, Centerville, for appellant father.

Mary Baird Krafka of Krafka Law Office, Ottumwa, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Julie De Vries of De Vries Law Office, PLC, Centerville, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

The mother of Z.H. and A.A. and the father of Z.H. separately appeal the termination of their parental rights.[1] Neither challenges the statutory grounds for termination.[2] Instead, both contend termination contradicts the children's best interests. The father also argues against terminating his parental rights, alleging one of the factors listed in Iowa Code section 232.116(3) (2019) applies. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The family came to the attention of the Iowa Department of Human Services (DHS) in March 2017 after the mother tested positive for methamphetamine. The mother has a history of substance abuse and admitted to being under the influence of methamphetamine while caring for the children. The father had only periodic contact with Z.H. after separating with the mother a year earlier.

At first, the DHS planned to provide services while the children remained in the mother's care. But after two weeks, the mother abruptly left for Minnesota with

---

[1] In a common assertion, the mother states error was preserved by timely filing a notice of appeal. As we have stated time and time again (more than fifty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)), the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").

[2] Although the father "does not agree" that the statutory grounds for terminating his parental rights have been met, he makes no argument contesting the grounds for termination. We deem any challenge to the statutory ground for termination waived. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring appellant's brief to contain argument section presenting contentions and the reasons for them with citations to authority relied on and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review.").

the children without informing the DHS. The children were returned to Iowa one week later after the State of Minnesota enforced an ex parte removal order. The children have remained out of the parents' care since.

Initially, neither parent participated in services regularly. Both have a history of substance use and tested positive for methamphetamine and amphetamines in March 2018. In the year and a half that followed, the father twice completed substance-abuse treatment but relapsed; he was planning a third attempt at the time of the termination hearing. The mother never completed treatment for her substance abuse. She moved to live with family in Minnesota in late 2018 and rarely saw the children in the year before the termination hearing. A home study of the relative's home did not recommend placing the children there.

The State petitioned to terminate the parental rights of both parents in September 2019. After a November 2019 hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (f) (2019) and the father's parental rights under section 232.116(1)(f). On appeal, both parents contend termination conflicts with the children's best interests. *See In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010) (requiring that the court "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights"). In determining best interests, our primary considerations are "the child[ren]'s safety," "the best placement for furthering the long-term nurturing and growth of the child[ren]," and "the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" we consider in making this determination are the children's

safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Clear and convincing evidence shows termination of the mother's parental rights is in the children's best interests. The mother has not made a significant effort to change since the children were removed and adjudicated as children in need of assistance (CINA). After two and a half years, she had yet to complete treatment for her substance abuse. At the time of the termination hearing, she had not visited the children in over eight months.

Termination of the father's parental rights is also in Z.H.'s best interests. The father failed to address his substance abuse until a year after Z.H. was removed from the mother's care. Although the father completed substance-abuse treatment, he could not remain sober. The father last relapsed in August 2019. A September 2019 substance-abuse evaluation showed he has a severe methamphetamine-use disorder. The evaluation recommended extensive outpatient treatment, but the father had yet to begin his third round of substance-abuse treatment at the time of the termination hearing. The father notes that the DHS placed his oldest child with him, but the DHS worker testified that child is five years older than Z.H. and, unlike Z.H., can "self-protect."

The father also seeks to avoid termination of his parental rights under section 232.116(3), which provides that the court need not terminate parental rights in some cases. He asks us to apply the provisions of section 232.116(1)(a) (stating the court need not terminate parental rights when the child is in the legal custody of a relative) and (e) (stating the court need not terminate parental rights when the parent's absence is because of the parent's admission or commitment

to any institution, hospital, or health facility). The district court found neither applies, and we agree. Although Z.H. spent more than six months in the care of a relative during the CINA proceedings, he was in the care of a foster family who planned to adopt him at the time of the termination hearing. And the father was not admitted or committed to any institution. Even if these provisions applied, termination is still in Z.H.'s best interests. *See A.S.*, 906 N.W.2d at 475 (stating the provisions of section 232.116(3) are permissive rather than mandatory and we exercise them based on the unique circumstances of each case).

Finally, both the mother and father ask for additional time to allow them to regain custody of the children.[3] *See* Iowa Code § 232.104(2)(b) (allowing the court to continue the child's placement for another six months if doing so will eliminate the need for the child's removal). While she had intentions of addressing substance-abuse treatment, mental-health therapy, housing, and employment at the time of the termination hearing, the mother had made little progress in the two and a half years that had passed since the CINA adjudication. Likewise, in the two and a half years since the CINA adjudication, the father made little progress. He planned a third attempt at substance-abuse treatment at the time of the termination hearing, but there is little basis to believe that this time would be different given his history. Because we cannot find that the need to eliminate the children's removal will be eliminated if the mother and father are granted another six months, we decline to delay termination. The past is prologue to the future. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (""[W]e look to the parents' past performance

---

[3] Neither parent asked for additional time on the record at the termination hearing.

because it may indicate the quality of care the parent is capable of providing in the future.").

Children are not equipped with pause buttons—their all-important days of childhood cannot be stopped to await the day their mother or father is ready to begin appropriate parenting. *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting."); *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Delaying the children's permanency in favor of a parent conflicts with the children's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). For all these reasons, we affirm the juvenile court order terminating both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**