# IN THE COURT OF APPEALS OF IOWA

No. 20-0749
Filed July 22, 2020

IN THE INTEREST OF A.V.,
Minor Child,

K.S., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.


A mother appeals the termination of her parental rights to her child. **AFFIRMED.**


Barbara J. Westphal, Belmond, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

David Grooters, Mason City, attorney and guardian ad litem for minor child.


Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She challenges the denial of her motion to continue the termination hearing, contests each of the requirements for terminating her parental rights, and asks for more time for reunification. We address each claim in turn.

**I. Continuance.**

We begin with the juvenile court's denial of the mother's motion to continue the termination hearing. "A motion for continuance shall not be granted except for good cause." *See* Iowa Ct. R. 8.5. We review the juvenile court's ruling for an abuse of discretion. *See In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). An abuse of discretion occurs when the court's ruling hinges on reasons that are clearly untenable or unreasonable or when the court misapplies the law. *See id.* The court must weigh due process protections against the best interests of the children in determining whether to continue the termination hearing. *See id.* at 232-33. We reverse the juvenile court only if the denial of a continuance is unreasonable under the circumstances and causes injustice to the party seeking it. *See In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996).

The juvenile court scheduled the termination hearing for April 7, 2020. But in response to supervisory orders issued by the Iowa Supreme Court,[1] the juvenile

---

[1] On April 2, the supreme court issued a supervisory order: "juvenile matters set to commence before June 15 shall be either continued to a date no earlier than June 15 or conducted with the parties and/or participants appearing remotely using video or phone conferencing at the discretion of the court." Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 29 (Apr. 2, 2020). On April 6, it issued a new supervisory order, stating that child-in-need-of-assistance (CINA) proceedings scheduled between April 6 and June 15 "should either be continued until after June

court ordered that the hearing would be conducted entirely by teleconference. At the start of the termination hearing, the juvenile court asked if any parties objected to proceeding telephonically. Neither the State nor the child's attorney objected to the telephonic hearing, and the father's attorney stated he took no position on the matter. But the mother's attorney objected and stated that the mother did not waive her personal presence at the hearing. Despite the mother's objection, the juvenile court determined that the matter should not be postponed, noting that two and one-half months had passed since the State filed the termination petition. The court found that continuing the hearing another two and one-half months—five months after the filing of the termination petition and one year after the CINA adjudication—was not appropriate based on the child's young age. We are unable to find the juvenile court abused its discretion by ordering the termination hearing to continue by telephone conference. The decision was neither unreasonable nor untenable. We therefore affirm the denial of the motion to continue.

### II. Termination of Parental Rights.

We turn then to the mother's challenges to the order terminating her parental rights. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

---

15, 2020, or should ONLY be conducted by video or phone conferencing." Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Child Welfare and Juvenile Justice Youth and Families* ¶ 7 (Apr. 6, 2020). The order also states that termination hearings "may be conducted via remote technology if all parties agree, and thereafter file a written waiver of personal appearance or waive such appearance on the record." *Id.* But "[i]f one party objects to proceeding by phone, and the juvenile court believes the matter should nonetheless go forward and not be postponed," the order states that "the court can order telephonic testimony." *Id.*

Termination of parental rights involves three steps. *See* Iowa Code § 232.116 (2020); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The first step is to determine whether a ground for termination exists under section 232.116(1). *See P.L.*, 778 N.W.2d at 40. The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (h). We may affirm as long as the evidence supports termination on one of these grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Because the mother's petition only argues the juvenile court erred in terminating her parental rights under section 232.116(1)(e), she has waived any objection to termination of her parental rights under section 232.116(1)(h). *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."); *see also Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review."). We may therefore affirm termination under Iowa Code section 232.116(1)(h).

The second step in the termination analysis is to consider whether termination is in the child's best interests. *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 40. In making this determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The child was removed and adjudicated CINA based on the parents' substance use. The mother admitted she was using methamphetamine three to four times per week. She began outpatient treatment for her substance use but was removed from the program in September 2019 based on her failure to attend. The mother relapsed, testing positive for methamphetamine in November 2019 and January 2020. At the time of the termination hearing, the mother had yet to complete treatment or to participate in treatment in a meaningful way, preventing her from providing the safety and stability the child needs. Considering the child's young age, the time the mother had to address the reasons for the child's removal and CINA adjudication, and the mother's minimal progress nearly one year later, we agree termination is in the child's best interests.

Finally, we must decide whether any of the provisions of section 232.116(3) apply. *See P.L.*, 778 N.W.2d at 41. Section 232.116(3) states that the court "need not terminate the relationship between the parent and child" in some cases. The mother seeks to avoid termination under section 232.116(3)(a), which applies when "[a] relative has legal custody of the child," and section 232.116(3)(c), which applies when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." But these provisions are not mandatory. *See A.S.*, 906 N.W.2d at 475. If any of the circumstances outlined in section 232.116(3) apply, the court may decline to terminate parental rights depending on the facts of the case before it and the child's best interests. *See id.*

The juvenile court found that none of the circumstances listed in section 232.116(3) existed. Although the child was placed with a relative during the CINA

proceedings, the court noted that the relative did not have legal custody of the child as required by section 232.116(3)(a). Even assuming the relative had legal custody of the child, an otherwise appropriate decision to terminate "is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (citation omitted). The mother also claims termination is not in the child's best interests because she and the child are bonded. To the extent a parent-child bond exists, we disagree that terminating it would hurt the child. The child was just three years old at the time of the termination hearing and had been out of the mother's care for nearly one year. The mother did not attend every visit offered and declined more time for visitation when offered. We decline to apply section 232.116(3) to preserve the parent-child relationship.

### III. More Time.

Finally, the mother asks for more time to allow her to regain custody of the child. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue the child's placement for another six months if doing so will eliminate the need for the child's removal). But like the juvenile court, we are unable to find that the need for removal of the child will be eliminated if we grant the mother more time. The mother has already had one year to address the issues that led to the child's removal and CINA adjudication. She made no significant improvement during that time. There is no reason to believe that she would make those changes if allowed six more months. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) ("[W]e look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future.").

Children are not equipped with pause buttons; delaying a child's permanency in favor of a parent goes against the child's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). The statutory grounds for termination afforded the mother six months. *See* Iowa Code § 232.116(1)(e)(2), (h)(3). The mother had twice that long. Another six months is not warranted and would be contrary the child's best interests.

**AFFIRMED.**