**IN THE COURT OF APPEALS OF IOWA**

No. 20-1592
Filed April 14, 2021

**IN THE INTEREST OF A.C.,**
**Minor Child,**

**K.C., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Alexis R. Dahlhauser of Neighborhood Law Group of Iowa, P.C., West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Kayla A. Stratton of Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child.  The State removed the child at three months of age when a search warrant led to the discovery of drugs in the home along with "dozens of unlicensed guns," "some of them loaded, including an AR-15 propped up near [the child]'s crib."  The father was arrested on federal charges and remained in custody throughout the juvenile court proceedings.  At the time of the termination hearing, the father testified that he had pled guilty and was awaiting sentencing on charges of "conspiracy to distribute cocaine and marijuana and possession of firearms in furtherance of a drug trafficking crime."  He faces a maximum sentence of ten years in prison with a mandatory minimum sentence of five years.

The State petitioned to terminate the father's parental rights under Iowa Code section 232.116(1)(b), (d), (e), and (h) (2019).  The juvenile court found the State proved the grounds for termination under section 232.116(1)(h) by clear and convincing evidence.  In stating the findings or conclusions he disagrees with, the father only "disputes that termination was necessary in this situation, as a guardianship would have been appropriate," rather than challenging the grounds for termination.  Because the father makes no cogent argument challenging the evidence supporting termination of his parental rights, he has waived this issue.[1] *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."); *see also Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa

---

[1] We address his argument below in analyzing whether to apply section 232.116(3)(a).

1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review.").

The father next challenges the finding that termination is in the child's best interests. He claims termination is not in the child's best interests because he, "by all accounts, loves his child." But this is not determinative of the child's best interests. In making the best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). We must "consider what the future likely holds for the child if returned to [the] parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (citation omitted) (discussing the best-interest framework outlined in chapter 232).

There is clear and convincing evidence to show that termination is in the child's best interests given the child's young age and need for permanency. The Iowa Department of Human Services (DHS) worker testified that the sooner permanency occurs, the better it is for the child. Although the court may terminate parental rights under section 232.116(1)(h) after six months, a total of fifteen months had passed between the child's removal and the termination hearing. The father has been in jail that entire time and faces a five-year mandatory minimum sentence with the possibility of a ten-year prison sentence. Meanwhile, the child

has been in the care of the maternal grandparents for all but the first three months of life. The DHS worker testified that the child is "very well cared for" by and bonded to the maternal grandparents, who have passed a home study and are eligible to adopt the child once parental rights have been terminated. We agree that allowing adoption by the maternal grandparents, who have been the child's regular caregivers for almost the child's entire life, is in the child's interests. We also have concerns about the quality of care the father can provide as the father's testimony downplayed the potential harm that the drugs found in the home presented to the child by and blamed the mother for his actions.

The father's main argument on appeal centers on Iowa Code section 232.116(3)(a), which states that the court "need not terminate the relationship between the parent and child" when "[a] relative has legal custody of the child." He argues a guardianship would be appropriate, noting the maternal grandparents will likely allow the child continued contact with him. But an otherwise appropriate decision to terminate "is not to be countermanded by the ability and willingness of a family relative to take the child." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018) (citation omitted). Again, the determination is made by considering the child's best interests. *See id.*

We decline to apply section 232.116(3)(a) to avoid terminating the father's parental rights. Guardianship does not afford the same permanency that adoption affords. The maternal grandparents are providing for all of the child's needs while the father is incarcerated due to choices he made. To allow the possibility for disruption in the child's life after a period of five to ten years would be to put the father's needs above the child's. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct.

App. 2009) (noting that "at some point, the rights and needs of the child[] rise above the rights and needs of the parent"). We therefore affirm the termination of the father's parental rights.

**AFFIRMED.**