# IN THE COURT OF APPEALS OF IOWA

No. 23-1659
Filed July 3, 2024

**MARK IRLAND,**
        Plaintiff-Appellant,

**vs.**

**MARENGO MEMORIAL HOSPITAL, d/b/a COMPASS MEMORIAL HEALTHCARE, MARENGO MEMORIAL HOSPITAL BOARD OF TRUSTEES d/b/a COMPASS MEMORIAL HEALTHCARE BOARD OF TRUSTEES, BARRY G. GOETTSCH, and NATASHA HAUSCHILT,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Iowa County, Fae Hoover Grinde, Judge.

        A plaintiff appeals the granting of summary judgment and the award of damages to defendants. **AFFIRMED IN PART AND REVERSED IN PART.**

        Mark Irland, Grinnell, self-represented appellant.

        Mary Funk, Logan J. Eliasen, and Katherine D. Hamilton of Nyemaster Goode PC, Des Moines, for appellee.

        Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After an adverse employment action resulting in termination of employment for Dr. Mark Irland, followed by the initiation of litigation over the decision, these parties entered into a binding settlement agreement. Although represented by counsel when he signed the settlement agreement, Dr. Irland has not come to terms with the legal boundaries of the agreement. Because Dr. Irland continued to push those boundaries by filing litigation over claims resolved, the district court dismissed his 2022 petition and ultimately awarded attorney fees to Marengo Memorial Hospital, its board of trustees, its chief executive officer Barry Goettsch, and its director of compliance and risk manager Natasha Hauschilt (collectively, the defendants).[1] On this appellate review, Dr. Irland challenges the district court's grant of summary judgment in favor of and award of damages to the defendants. While we conclude the grant of summary judgment was appropriate, we reverse the district court's award of fees.

The present action relates to a settlement agreement entered into between Dr. Irland and the defendants[2] in July 2020. Under the terms of the settlement agreement, Dr. Irland "agree[d], promise[d], and covenant[ed] that neither he, nor

---

[1] Intertwined with the employment issue are other challenges asserted by Dr. Irland against the Iowa Board of Medicine related to his licensing. *See Irland v. Iowa Bd. of Med.* (*Irland I*), 939 N.W.2d 85 (Iowa 2020); *Irland v. Iowa Bd. of Med.* (*Irland II*), No. 21-0331, 2022 WL 610449 (Iowa Ct. App. Mar. 2, 2022).

[2] The case that was settled comprised of claims of breach of a written contract for employment, breach of the duty of good faith and fair dealing, age discrimination in violation of the Iowa Civil Rights Act, termination in violation of public policy, defamation per se, and tortious interference with a prospective business advantage. Along with the defendants named above, Dr. Irland also settled with the Marengo Memorial Hospital Foundation, the Compass Memorial Healthcare Board of Directors, Iowa County, the Iowa County Board of Supervisors, Dr. Greg Neyman, and Dr. Ben Miller.

any person, organization or any other entity acting on his behalf [would] file, charge, claim, sue or cause or permit to be filed, charged or claimed, any action for damages or other relief (including injunctive, declaratory, monetary relief or other)" against the defendants. He also agreed to do so for "any matter occurring in the past up to the date of [the settlement agreement] or involving any continuing effects of actions or practices which arose prior to the date of [the settlement agreement]." Further, he also confirmed that the settlement agreement applied to "all claims which have arisen and of which [he] knows or does not know, should have known, had reason to know or suspects to exist" and "contemplates the extinguishment of any such claim or claims." The defendants were then released from liability for "any continuing effects of actions or practices which arose prior to the date of [the] settlement agreement." It took legal action to enforce the mediated terms of the agreement. And after the district court found "[t]here was a clear meeting of the minds in this case demonstrated by the confirmation emails immediately following mediation and counsel for [Dr. Irland's] email sent to the Court on July 30, 2020 cancelling upcoming hearings and informing the Court that the case had settled," Dr. Irland signed the written settlement agreement in February 2021.

Prior to entering into the settlement agreement, in August 2016, the defendants submitted a report to the National Practitioner Data Bank (NPDB)[3] documenting their concerns about Dr. Irland's ability to practice medicine safely.

---

[3] The NPDB "is a web-based repository of reports containing information on medical malpractice payments and certain adverse actions related to health care practitioners, providers, and suppliers." *About Us*, National Practitioner Data Bank, https://www.npdb.hrsa.gov/topNavigation/aboutUs.jsp.

The report noted inadequate medical record keeping/poor documentation and disruptive conduct as the basis for their concerns. In June 2021, Dr. Irland submitted a request to the NPDB to allow him to review the 2016 report; he also disputed the report's contents. The NPDB then asked that the defendants provide additional information including a timeline of events and investigation report. The defendants did so in June and August of that year, providing documents from its 2016 investigation.

In spite of the settlement agreement that prohibited further litigation, in November 2021, Dr. Irland brought five claims against the defendants in small claims court, seemingly based on this correspondence with the NPDB: (1) loss of opportunity and wages, (2) failure to perform, (3) acting in bad faith, (4) fraudulent misrepresentation, and (5) defamation with malice. Dr. Irland claimed that the 2016 report provided to the NPDB by the defendants violated the settlement agreement and the defendants should have retracted their 2016 report after the January 2021 enforcement of the settlement agreement. The small claims court granted the defendants' motion to dismiss for failure to state a claim upon which relief may be granted in December, concluding that

> [i]n light of the previous settlement agreement between the parties which was judicially enforced, and the subsequent Order dismissing the matter with prejudice . . . the contents of [Dr. Irland's] Petition are not stated with sufficient specificity to give the Court the ability to determine whether these claims are new claims that exist independent and subsequent to the claims that have been adjudicated in the prior district court matter, or whether [Dr. Irland] is re-hashing stale claims that have been fully litigated, or could have been litigated previously.

The litigation did not end there. In August 2022, Dr. Irland brought nine claims against the defendants, again based on the 2016 NPDB report and,

additionally, property damage that occurred in 2018: (1) breach of release of claims—written contract, (2) fraudulent misrepresentation, (3) fraudulent inducement, (4) trespass with property damage,[4] (5) defamation with actual malice, (6) breach of the duty of good faith and fair dealing—written contract, (7) negligence, (8) void non-disparagement contract clause, and (9) tortious interference. In response, the defendants raised two counterclaims: (1) breach of contract and (2) a request for declaratory judgment. In September, the defendants moved to dismiss Dr. Irland's claims or, in the alternative, for summary judgment. The court denied the motion in November, finding the record was not yet developed for a summary determination. In doing so, it determined that, "[w]hen the Petition, on its face, is construed in the light most favorable to [Dr. Irland], the Court concludes it cannot be said with certainty that there is no set of facts under which [he] may be entitled to recover against [the d]efendants." The defendants again moved for summary judgment in March 2023, supporting the motion with several documents including the 2016 NPDB report, court filings from the 2021 action, and the settlement agreement and motion to enforce the settlement agreement.

The court granted the defendants' summary judgment motion in June, finding "[e]ven when the facts are viewed in the light most favorable to [Dr. Irland], the Court concludes that [his] claims are barred by the terms of the release and settlement agreement." Regarding the NPDB report, the court determined that Dr. Irland "was aware of this information *before* the parties entered into their

---

[4] This claim related, it appears, to a vehicle crashing into a mailbox on Dr. Irland's property in July 2018.

agreement, and thus he had the ability to fully contemplate the content of these letters before entering into the agreement" and "[b]ased on the clear and unambiguous terms of the parties' settlement agreement [Dr. Irland's] claims against [the defendants] are barred." Regarding the defendants' counterclaims, the court found that Dr. Irland "now has unsuccessfully sued and stated claims against [the d]efendants in this action, including disclosing confidential terms of the settlement agreement. This is a clear breach of the parties' settlement agreement, and [the d]efendants are entitled to damages on their breach of contract claim." Lastly, the court issued a declaratory judgment "that the parties' settlement agreement does not require [the d]efendants to retract or take any affirmative action with respect to the NPDB report; [Dr. Irland] has breached the parties' settlement agreement; and [the d]efendants have been damaged by [Dr. Irland's] breach and are entitled to be made whole."

In July, the defendants submitted an affidavit documenting attorney fees for work completed on the case through that month and attached hourly billing statements to the affidavit. The court ruled in September that the "[d]efendants are entitled to recover attorney fees in this action." Furthermore, it found the amount of attorney fees accrued reasonable given that Dr. Irland had "made numerous filings and claims repeatedly, and [the d]efendants had to address each of those filings and claims. The Court conclude[d] the expenditure of fees in this case was reasonable given the subject matter involved and the matters [the d]efendants had to address." Lastly, it stated that it "has reviewed [the d]efendants' billing statements and does not find the time therein to be unnecessary or duplicative, and [the d]efendants' counsel and staff have billing rates that are in

line with local custom." It awarded damages in the amount of $65,623.50, which consisted entirely of attorney fees.

Dr. Irland appeals. He challenges the court's grant of summary judgment and requirement that he pay the defendants' attorney fees.

**I. Summary Judgment.**

Dr. Irland purports to raise several challenges to the district court's grant of summary judgment in favor of the defendants. "We review a district court's summary judgment ruling for correction of errors at law." *Breese v. City of Burlington*, 945 N.W.2d 12, 17 (Iowa 2020). Summary judgment is proper when the moving party establishes there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018). "We [re]view the record in the light most favorable to the nonmoving party." *Id.* But our review is "limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law." *Pillsbury Co., Inc. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008).

Here, we find that Dr. Irland forfeited his challenges in the appeal. Outside of Dr. Irland's challenge to the judgment for attorney fees entered against him, he lists several "statement of arguments" in his appellate brief originating from the summary judgment ruling. But as to each point, Dr. Irland goes no further than listing the topic of his specific dispute followed by some case citations and some general statements regarding the standard of review and preservation of error. Missing from the brief is any development of the issue, how the case law relates to the issue, or even what relief is requested. Dr. Irland both failed to clearly identify issues on appeal other than setting out headings. And, more importantly,

he failed to make more than a perfunctory argument in support of any issue, making our review next to impossible. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024), *as amended* (May 21, 2024). One way to forfeit an issue on appeal is when the party fails to make more than a perfunctory argument in support of the issue. *See State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015). Likewise, a party forfeits an issue on appeal when the party fails to cite any authority in support of the issue. *See* Iowa R. App. P. 6.903(2)(a)(8)(3); *Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review."). Dr. Irland did not detail how the cases he cited related to any argument he intended to present to us on appeal. We will not develop and make arguments for parties on appeal. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."). Thus, we affirm the district court's summary judgment ruling as to the dismissal of Dr. Irland's claims against these defendants.

**II. Damages/Attorney Fees.**

Two of Dr. Irland's challenges relate to the judgment of attorney fees to the defendants, and we will address that issue. The district court found that Dr. Irland breached the terms of the settlement agreement by not keeping its terms confidential and by bringing subsequent lawsuits over the released claims. It determined the defendants were entitled to damages and asked for a "statement of fees." Ultimately it awarded defendants their attorney fees in the amount of $65,623.50, plus interest and the costs of the action. While the district court

characterized this award as one for damages for breach of contract, consisting solely of attorney fees, our long-standing rule is that "[g]enerally, a party has no claim for attorney fees as damages in the absence of a statutory or written contractual provision allowing such an award." *Williams v. Van Sickel*, 659 N.W.2d 572, 579 (Iowa 2003). If there is no statutory authority or a written contract provision allowing for attorney fees, these defendants must "find support for such an award under the common law." *Id.* Our review is de novo because the question of whether to grant common law attorney fees rests in the court's equitable powers. *UE Local 893/IUP v. State*, 997 N.W.2d 1, 15 (Iowa 2023).

"Iowa follows the American rule: 'the losing litigant does not normally pay the victor's attorney's fees.'" *Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 474 (Iowa 2017) (citation omitted). Here, we find no statute that allows recovery of attorney fees under these circumstances, and the settlement agreement did not provide for an award of attorney fees should a party breach its terms. So, instead of treating the claim for attorney fees as a claim for damages, the district court should have considered if the defendants had support for this award under the common law or if the claim fits under certain exceptions developed in the case law—such as conduct rising to the level of culpability that would necessitate such an award. *See Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines, Inc.*, 510 N.W.2d 153, 158 (Iowa 1993) (disallowing attorney fees in a breach of settlement agreement where it could not be shown that defendants "engage[d] in oppressive or conniving behavior" with action that was "harsh, cruel or tyrannical"). To this point, courts have recognized a rare exception to the general rule when the behavior of the losing party is

"extraordinarily culpable" rising to the level of "oppression or connivance to harass or injure another."  *UE Local 893/IUP*, 997 N.W.2d at 15 (citation omitted).

So, on our de novo review, we consider Dr. Irland's behavior and recognize his repeated bringing of challenges that are not successful might constitute bad faith and support a sanction award.  Here, the attorney fee award was not characterized as a sanction and, when applying the standard to support an common law attorney fee award of damages, the record does not show conduct that is "intentional and likely to be aggravated by cruel and tyrannical motives." *Williams*, 659 N.W.2d at 579 (quoting *Hockenberg*, 510 N.W.2d at 159).  Thus, we reverse the judgment of the district court awarding the defendants attorney fee damages.

**AFFIRMED IN PART AND REVERSED IN PART.**