# IN THE COURT OF APPEALS OF IOWA

No. 24-1054
Filed August 20, 2025

**JON JOSEPH ANDERSON,**
  Plaintiff-Appellant,

**vs.**

**SUSAN CHRISTENSEN and STATE OF IOWA JUDICIAL BRANCH,**
  Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A plaintiff appeals the dismissal of his civil suit alleging pervasive "fraud upon the court" in his prior legal proceedings.  **AFFIRMED.**

Jon Joseph Anderson, Urbandale, self-represented appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, and Ian M. Jongewaard, Assistant Solicitor General, for appellees.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In December 2023, Jon Anderson filed a 168-page petition asserting pervasive "fraud upon the court" by the judges, attorneys, and law enforcement officers involved in his prior legal proceedings. He named the Iowa Judicial Branch and Chief Justice Susan Christensen as sole defendants. Among other remedies, Anderson's petition sought to vacate decisions and redact filings in three cases that he claims were tainted by his ex-wife's false allegation of domestic abuse in March 2019. He contended the prejudicial effect of her false account was compounded by the misrepresentations of investigators and attorneys, by the unsupported findings of multiple judges, and by constitutional and statutory defects at virtually every stage of each case. Anderson alleged all these problems contributed to an "inextricably tangled . . . knot of fraud."

According to a certificate of service filed by Anderson, he personally served the defendants by hand-delivering a copy of the petition to the Chief Justice's counsel on January 3, 2024. Six weeks later, Anderson's petition remained unanswered, and so he filed a motion requesting entry of default judgment. The Iowa Attorney General's office appeared on behalf of the defendants and moved to dismiss Anderson's petition. Following a hearing on both motions, the district court dismissed Anderson's suit for lack of jurisdiction and failure to state a claim. The court did not address the question of default.

On appeal, Anderson claims the district court erred by "ignoring default" and granting a "time barred" motion to dismiss. He also claims the court erred in concluding that he failed to state a claim because "fraud upon the court is a narrow cause of action recognized by the Federal Rules of Civil Procedure" and "a void

judgment . . . may be asserted by any person whose rights are affected at any time." These claims do not entitle Anderson to relief on appeal.

To start, Anderson failed to preserve error on the question of whether he was entitled to entry of default. The district court made no findings as to whether the State received adequate notice of the suit or whether Anderson satisfied the other prerequisites to default. *See* Iowa R. Civ. P. 1.972. And Anderson failed to seek enlargement or reconsideration after the court entered its order dismissing his petition. *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) (explaining a party must "request a ruling from the district court to preserve error for appeal on an issue presented but not decided"). So, there is no default ruling for this court to review.

As for the rulings the district court did make, Anderson does not challenge the court's determination that it was "without jurisdiction to entertain any appeal of any issue related to any civil or criminal proceeding" raised in the petition. Nor does Anderson challenge the court's conclusion that his failure to comply with the administrative prerequisites of the Iowa Tort Claims Act, codified at Iowa Code chapter 669 (2023), also deprived the court of jurisdiction.[1] *See In re Est. of Voss*, 553 N.W.2d 878, 880 (Iowa 1996) (holding that "exhaustion of the administrative remedy provided by chapter 669 is jurisdictional"). And Anderson agrees that the

---

[1] Anderson touches on these issues in his reply brief, arguing that the "district court, being a court of general jurisdiction, has jurisdiction" and that "the Chief Justice cannot claim exhaustion requirement of statutory schemes with no application to officers of the court and thus no remedy." Subject to certain exceptions not applicable here, we do not consider issues raised for the first time in reply briefs. *See Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018) (per curiam).

State and its employees, while acting in the scope of their employment, enjoy sovereign immunity for claims arising under chapter 669. *See Sikora v. State*, 23 N.W.3d. 300, 305 (Iowa 2025) (explaining the intentional tort immunity applies wherever the "basis of the plaintiff's claim is the functional equivalent of a cause of action listed in section 669.14(4)" (citation omitted)); *see also* Iowa Code § 669.14(4) (providing the State's waiver of sovereign immunity from tort claims does not apply to any claims arising out of abuse of process, misrepresentation, or deceit, among others).

Anderson's arguments about fraud upon the court and void judgments do not address any of these dispositive grounds for dismissal. *See Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review."). We will not make those arguments for him. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record to search for facts to support such arguments."). We accordingly affirm the district court's dismissal of Anderson's petition.

**AFFIRMED.**